IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ROMAN HARLAN,<br><br>    Defendant. | 8:09CR140<br><br>**ORDER** |

   On June 15, 2021, a hearing was held regarding the order the Court entered granting the government's motion, [Filing No. 82](), which ordered the Bureau of Prisons ("BOP") to turn over to the Clerk of the United States District Court for the District of Nebraska $1,100 from Defendant's inmate trust account for restitution owed for the criminal monetary penalties imposed in this case. ([Filing No. 84]().) Defendant had $1,400 in his inmate trust account at the time the government's motion was filed. The government requested in its motion to only take $1,100 of the $1,400, thereby leaving $300 for Defendant's use. ([Filing No. 84]().) Defendant requested a hearing claiming the funds were exempt and asking for the return of the $1,100. ([Filing No. 86]().)

   At the hearing, the Court found that Defendant's funds were not exempt and, thus, denied Defendant's request for return of the $1,110. However, during the hearing, Defendant informed the Court that after the $1,100 was removed from his account, the BOP took an additional amount of money from his account for restitution based on an agreement he has with the BOP. The government acknowledged that if additional monies were removed from Defendant's trust account in June for payment towards his criminal monetary penalties, Defendant should be credited this amount in what the Court orders the government to receive due to the government's intention of leaving Defendant with $300 in his trust account.

   In light of this, the Court found it needed additional information to determine whether the government should receive the full $1,100 because the BOP took additional funds from

Defendant's inmate trust account for Defendant's restitution.[1] Therefore, the Court took the matter regarding the amount the government should receive from Defendant's trust account under advisement and directed the government to provide the Court with information regarding Defendant's previous payments. (Filing No. 89.)

The government submitted evidence to the Court regarding the amount Defendant previously paid towards restitution on June 16, 2021. (Filing No. 91.) This evidence shows that on June 7, 2021, the BOP took $116.13 from Defendant's trust account to be applied to Defendant's criminal judgment. Based on this evidence, the government informed the Court that it is willing to accept a modified Court order which would permit Defendant to be left with $300 in his trust account after the $1,100 was removed from the trust account. Accordingly, the government proposes that the Court modify its May 13, 2021 order (Filing No. 84) to deduct $116.13 from the $1,100 previously ordered to be turned over.[2] The government requests that the modified order direct the BOP to turn over $983.87 to the government from Defendant's inmate trust account.

Based on the evidence now before the Court, Defendant's motion (Filing No. 86) is granted in part and denied in part. The Court's May 13, 2021 order (Filing No. 84) is modified as proposed by the government. The BOP shall turn over $983.87 from Defendant's trust account to the Clerk of the United States District Court for the District of Nebraska as provided in the May 13, 2021 order. The remaining funds of $116.13 that the BOP is currently holding for the government shall be returned to Defendant.

**IT IS SO ORDERED.**

Dated this 21st day of June, 2021.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

---

[1] At the hearing, Defendant told the Court he signed an agreement with the BOP that it could take $200 out of his trust account every quarter to go towards his restitution. However, in June, 2021, when the payment was due, he only had $116.13 in his account because the BOP had already taken the $1,100 requested by the government. So, the BOP took the $116.13 out of his account per his agreement with the BOP.

[2] Three hundred dollars was left in Defendant's trust account when the $1,100 was taken out. At the time the BOP was to take out their quarterly payment, Defendant only had $116.13 in his account. Therefore, Defendant had already spent $183.87 of the $300.00 that was left in his account as requested by the government in its motion.